All right, our final case for today, now this afternoon, is King against, I guess, now Pfister. I'm not sure who's the warden at this point, but King against Pfister, we'll say. Ms. Dollings. Thank you, Your Honors. May it please the Court. The attorney-client relationship is a very protections are afforded under the law to such a relationship. In our criminal system, no defendant, regardless of the crime, should be allowed to be sentenced by a judge who's previously stood in that relationship and roll with him. If we had otherwise in Del Vecchio, didn't we? There's one case that addressed that, but that case was significantly distinguishable. In the People versus Sangster case, the court simply held there that there's no duty to recuse himself where he had previously represented the defendant in an unrelated criminal matter, but the defendant did not file a motion for a change of judge. The defendant merely asked the judge not to consider the prior crime when sentencing the matter. There's no general rule that a judge, when he assumes a bench, is precluded from sitting on any cases of prior clients. There's no general rule, Your Honor, but that it does qualify as ineffective assistance of counsel for his defense counsel not to object to that. If there's no general rule, I'm thinking of all the judges in the District Court who were former members of the United States Attorney's Office for the Northern District of Illinois, and there are quite a few of them, and the United States appears before them all the time, and I take it that's an ethical violation in your view. No, Your Honor, what I'm saying is that where there's grounds to provide a motion to substitute the change of judge, counsel's failure to even request that... Why is he entitled to an automatic change? That's state law, right? Under state law. Ten days in state law. Are you talking about Illinois? Illinois, yeah. Correct, correct, Your Honor, and this is the case here, especially where the defendant, Mr. King, specifically requested immediately on the initial hearing that a change of judge motion be made. At that point, he could have... What's the right question? Is the right question, would there have been a new judge, or is the right question at this stage of the game, habeas, whether the outcome of the case would have been different? Because it's not at all clear to me, in light of the evidence that was brought together in this case, that it really made any difference whether Judge Brandt or Judge Smith was the judge in this case. You're more or less conceding that there's no... Well, there's a different theory you have, I won't make you concede it, that there was actual bias on Judge Brandt's part. I think it's a weak theory, but anyway. I just don't see why the substitution of Judge A to Judge B, even though it's a right under state law, at the federal level, creates the kind of problem that would justify habeas. It justifies it because the outcome would have been... There's a reasonable probability that that outcome would have been different. Why is that, in light of the evidence, why doesn't that throw you over to the other theory? There's a reasonable probability that the outcome would have been different, because had he moved for a substitution of judges, an automatic right, he would have received a different judge. But why would that different judge have presided over the trial differently? It seems like Judge Brandt, you know, first grants the motion for the mistrial after the assault in the middle of the first case. He, you know, he says he doesn't really even remember this when he cites details. They're from the appellate court's opinions, obviously not his. I don't know why the ultimate result... Would there have been a different judge sitting on the bench? Absolutely. That's what Illinois law says. But I'm concerned to know why that's the right focus. And our focus, Your Honor, is not on the fact that the trial would have been different. Our focus is on the fact that the impartial. You claim that the judge violated Illinois law in conducting research beyond the materials that were presented to him at sentencing. And here's what I was wondering. Were the details of his 1986 arrests, were they not available to the judge in a pre-sentence report? To whoever the judge would have been? My understanding is the pre-sentence report would have listed the crime, the conviction, and the sentence. Not necessarily the details that this judge took it upon himself to go and dig out. He just read the Illinois appellate court opinion though, didn't he? I didn't have the impression from this record that he went out and interviewed people or dug through his old files or did anything like that. Where's the evidence of that? Well, Your Honor, we still have to keep in mind that he was still in a confidential relationship during that conviction. So there may be information that he was privy to that any other judge would not have been privy to. And although the judge said he only went to the appellate record, which was a public record, there's still that impartiality there. And we're dealing with a case where a man has been deprived of his freedom and he's been given life without parole. He's entitled to have an impartial judge rule on that sentencing and award that sentencing. I absolutely agree with that, but what I'm struggling for is to find something in this record that would allow us to say that the Illinois courts were unreasonable when they thought that Judge Brandt was not an impartial, that they thought he was impartial. They reject the argument that he is biased. Well, in the Illinois Court of Appeals... It's not implicit bias. You have to find actual bias, don't you? You have to find actual bias to get a motion for substitution of judge granted for cause. And again, we're arguing that the counsel was ineffective for failing to file an automatic change of judge. That would have automatically entitled him to a new judge. But when the Illinois Court of Appeals only addressed the motion for cause, finding no actual prejudice, which we disagree with, had he been effectively represented, his counsel would have filed the motion for change of judge for cause, and it would have had a supporting affidavit, just a simple affidavit. That would have entitled him to a hearing before a neutral judge to determine whether there was bias, at which time bias could have really been explored by his counsel had he provided effective assistance. Speaking of his counsel, can you tell me this? Did Pickle's fraud conviction have anything to do with his legal practice or fraud on the courts? Our argument is that in response to the state arguing that this may have been a strategic reason not to file a motion for substitution of judge for cause, that fails because of the record. And the record shows that due to the complete lack of attention on this case, this motion for cause was not filed. Again, this takes away the automatic change. Could you please answer my question? Yes, Your Honor. And with regard to the fraud case, it's a public record that the allegations are that it was during this time frame in which trial counsel was representing my client, Mr. King, that he was conducting all sorts of inappropriate behaviors, including theft. And later on, counsel testifies at the sentencing hearing, trial counsel, that it was due to him being under the effects of alcohol abuse and gambling. So this was all happening at a time when the record is clear that my client was trying to get his trial attorney's attention on the case, trying to get him to file a motion for automatic change of judge, then trying to a letter to the judge in this case twice to have him address the issue. And then he ended up filing his own pro se motion to substitute judge, which, as we know, was not supported by an affidavit because he's a pro se defendant. Why should it be considered at all? It's pro se. He's represented by counsel. Why should a pro se motion be considered at all? And that's exactly what the trial court indicated in this case. And when that happened, that also gives us grounds to argue further ineffective assistance of counsel, that counsel should have stepped in and filed that motion on his behalf, should have refiled it with a properly supported affidavit that didn't have to lay out actual bias. That affidavit would have entitled him to a hearing by a neutral judge to determine whether there was bias. And there's a reasonable probability that the outcome would have been different, that a different judge would have appointed and would have been the one to sentence him, not one that he had been in an attorney-client relationship on the very crime used to aggravate him. It was a very old case, right? The earlier representation by Brandt. That's correct. It was a 1986 case, your honor. Right. And this trial was when? This trial, I believe, was in 2002. All right. So 2004, if I'm not mistaken. Save some time. All right. Yes, if you want to save a minute for rebuttal. Thank you. I will let you do that now. Mr. Meyer. Good morning, your honors, and may it please the court. My name is Drew Meyer. May it please counsel as well. My name is Drew Meyer of the Illinois Attorney General's Office and I represent the respondent appellee. Who is now Randy Pfister, is that correct? Correct, your honor. That's correct. You know, I think all defense lawyers and judges worry about setting someone free or aiding in that process in some way who will then go on to hurt or kill someone else. When the judge stated that the similarities between the crime for which he had represented Mr. King and the current crime were chillingly similar, that really made me wonder whether the judge had this concern and whether it did affect King's sentence. No one has mentioned that potential form of bias, but do you think it's one that we should be concerned about? In this case, absolutely not, your honor. As a general proposition? As a general proposition, it is entirely appropriate under both common sense and under explicit Illinois law that a sentencing In this case, the details that Judge Brandt found chillingly similar were all gleaned not from any independent recollection of Judge Brandt's, but from, as your honor pointed out, from the Illinois Appellate Court Order affirming his 1986 conviction. Yeah, but he went out of his way to review the 1986 case. Then he realized that he hardly remembered it all, but wasn't the review itself the thing that could have instigated the bias. Once he reviewed the case, he remembered the details. Then he put together the fact that the two crimes were chillingly similar. Your honor, if I may by the record in this case. Judge Brandt's review of the 1986 case was inspired by Petitioner's pro se attempt to file a motion for substitution of judge. As the judge says in the transcript of the sentencing proceeding, as he was reviewing the file in this case, he came across Petitioner's motion for substitution of judge. As part of his due diligence, he went back, considered the appellate court opinion from the 1986 case. Could I interrupt you Mr. Meyer and ask you, I didn't, that opinion was not furnished to us in this appendix. Is it published or would it be easy for the state to submit all parties? Your honor, I tried to track it down. It is not published and I was not able to get it through the electronic databases. I actually, don't hold me to this, it was several months ago. I believe I called the clerk's office of the appellate court in question and they did not have a copy. I agree, I agree. I desperately wanted this opinion myself. But fortunately, Judge Brandt read into the record verbatim the factual summary in that opinion. So we have the verbatim factual summary that shows chillingly similar details. Did you give that to us? Yes, your honor. Is that in your appendix? I believe it is Exhibit T to our answer in the district court. So the judge had the opinion? Certainly, your honor. The judge had the opinion, reviewed it, and in that opinion, not any independent recollection of his own, of which there was hardly any. He hardly, as the judge explicitly stated, he hardly remembered even representing petitioner, much less does he indicate any sort of lingering bias. And as this court noted... So if we dig through the record and find this Exhibit T, it's not in your separately bound appendix, I don't think. It may well be in petitioner's separately bound appendix. Your honor, it's the transcript of the sentencing hearing. Okay, so maybe it is, yes. Yes, so it's... At 28? At 28? Yeah, that's the sentencing hearing. Yeah, your honor, I'm sorry, I don't have it in front of me, but it is directly after or surrounding the chillingly similar quote. As we point out in our brief, the judge explicitly states during the sentencing hearing that the facts that he finds chillingly similar were gleaned from the opinion after having dispelled any concern that he had any independent lingering memory of the case. Turning quickly, if I may, so just to wrap that up, petitioner's sole preserved claim is that attorney Pickle was ineffective for failing to file a motion for substitution of cause under 114-5d, which requires a showing of actual bias. The appellate court reasonably found, given the record we've been discussing, that there was no This is... The sentencing hearing takes place 18 years after Judge Brand's representation of petitioner ended, and as this court has found, any kind of personal bias that might have existed is likely to wane or dissipate over time. So because there was no evidence of bias, the 114-5d motion would have been baseless, and as this court has held numerous times, and in keeping with common sense, a defendant cannot be prejudiced by his attorney's failure to raise a meritless claim. Well, there's that principle, but on the other side of it, it certainly violates due process fundamentally to have a biased decision maker. We would all agree with that. And so the other theory that has to go into this is the idea that even though the failure to follow a particular detail of state law doesn't automatically make something a 14th Amendment violation or anything else, it is also the case that in terms of effective assistance of counsel, you're entitled to have your lawyer do all those things which are appropriate to do under the governing law of state law here. Certainly, Your Honor, and Attorney Pickle's advocacy. But as far as this decision in particular, Your Honor, again, Petitioner's sole preserved basis for his ineffective assistance claim is his complaint that Pickle didn't file this motion for substitution of cause, and there was no evidence to substantiate such a motion. Therefore, the motion was baseless. Therefore, his ineffective assistance claim fails. And Your Honor, referring to our brief, we detail Pickle's zealous advocacy in pages 7 to 10 of our brief, including, as you mentioned, he won a motion to quash Petitioner's arrest, although a later attenuation hearing allowed evidence of his damning admissions post-arrest to be admitted into evidence. So Pickle has awful morals, but wasn't such a bad trial lawyer, has to be your Oh, I disagree, Your Honor. I think whatever his external difficulties, external difficulties, Your Honor, it was very distracting that he wasn't paying attention to his client's case, he was missing important motions. Well, I think that first of all, Your Honor, it's important to place Petitioner. Well, Petitioner has the burden under 2254E1 to present clear and convincing evidence to rebut the state court's factual finding that there was no evidence of Pickle's bias in this case. He presents his own unsubstantiated affidavit. Let me interrupt you. I want to know why that is not enough. This court has held time and time in an affidavit merely because it is self-serving. After all, I don't know that there's such a thing as an affidavit that is not self-serving. What other evidence do you think King should have presented? He could have presented, as this court held in Underwood v. Clark, such bare-bones unsubstantiated self-serving allegations are not sufficient to substantiate a Strickland claim, and the court noted in Underwood that perhaps an affidavit signed by the attorney would substantiate a Petitioner's self-serving claim. Well, that's a very circular argument because Pickle, you know, is being accused of being incompetent and of being involved in his own I mean, that doesn't help in this case, certainly. May I make one statement in closing, Your Honors? First of all, Your Honor, the Petitioner creates no nexus between any kind of external difficulties Pickle was having and his zealous advocacy in this case. Second of all, in addition to the meritlessness of his preserved claim, as we argue at length in our brief, Petitioner's claim that, which is actually a tacit admission that his preserved claim is that Pickle should have filed a motion for automatic substitution of judge within the 10-day window is utterly procedurally defaulted. It appears neither the factual allegation that Pickle knew of this prior relationship between Petitioner and Judge Brandt within the 10-day window after assignment of the case to Judge Brandt, neither that allegation nor subsection A itself of section 114-5 appears anywhere in the post-conviction appellate brief. Therefore, for that, among many other reasons, that argument is defaulted. And with that, Your Honors, if there are no more questions, we would ask the Court to affirm the judgment of the District Court. Thank you very much. All right, thank you. Ms. Dallins, I'll give you two minutes because we ran over a bit. Thank you, Your Honor. King did not procedurally default on one of his arguments he now pursues, which is that counsel was ineffective for failing to file an automatic change of judge. In his pro se petition for post-conviction relief, King argues several times that counsel was ineffective for failing to file a motion to disqualify trial judge. He listed the controlling legal principles, ineffective assistance of counsel for failing to move to disqualify the judge, and he stated the operative facts. Those operative facts includes that King provided immediate notice to his trial counsel that Judge Brandt had been his prior counsel, and trial counsel had told King he would file the motions to substitute. And that was within two days of the case being assigned to Judge Brandt. There's no dispute that that issue has not been waived as far as my client is concerned. And King is not required to cite book and verse of the state statute underlying the basis for his ineffective assistance of counsel. And in fact, he also raised... How did that get to... His motion, his pro se motion became a part of the record. His pro se petition to disqualify... His pro se post-conviction relief petition included his controlling legal principles and his facts. No, no, but I mean, how does it... He's got counsel. I still go back to the idea that he's pro se. Why is the clerk's office accepting a pro se petition? At this point, this was at the post-conviction relief stage, at which time he wasn't represented by counsel, it's my understanding. But earlier, as I understand it, when he filed the misnamed motion for change of venue, the state court clerk accepted that motion, put it in the record, and then when Judge Brandt was reviewing everything before the sentencing, he runs across it and he sees it and he exercises his discretion and he decides he'll take a look at it, which is why he puts these things on the record. Pretty sure that's what happened. Correct. And that was improper because the neutral judge should be doing that. That should not force this judge to now dig into the prior case and review that appellate court case, because Judge Brandt viewed that through the lens of being his prior counsel. So it's not just a judge looking at a public record, it's a judge that's looking at that case, which may have stirred up some emotions and memories of the case, including the potential of putting a violent defendant back on the street. It's not permitted by statute, the sentencing statute, to look at this and had Mr. King been in front of a judge who had not represented him in the prior conviction of the crime used to now aggravate his sentence to life without parole, there's a reasonable probability of a different outcome. Thank you, Your Honors. Thank you very much and we ask you to take this case, as I recall. We thank you very much for your assistance to the court and to your client. Thanks as well to the state. We will take the case under advisement.